IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.
PELVIC SUPPORT SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2387

---

THIS DOCUMENT RELATES TO:

*Janet Grimes v. Coloplast Corp.*                 Civil Action No. 2:16-cv-11332

# MEMORANDUM OPINION & ORDER

Pending before the court is Coloplast Corp.'s ("Coloplast") Motion to Dismiss [ECF No. 11]. The plaintiff has not responded to the motion, and the deadline for responding has expired. Thus, this matter is ripe for my review. For the reasons stated below, Coloplast's Motion is **DENIED**.

## I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 42,000 cases currently pending, approximately 140 of which are in the Coloplast MDL, MDL 2387.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, the court placed this and other cases in Coloplast Wave 4. Pretrial Order ("PTO") # 124, at 10 [ECF No. 4].

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order # 124, for example, provides that each plaintiff in Wave 4 must submit a Plaintiff Fact Sheet ("PFS") by May 20, 2017. *See id.* at 2. Coloplast concedes that the plaintiff "served her PFS in accordance with the prescribed deadline." Def.'s Mot. 3. However, Coloplast contends that "the PFS was deficient in its responses." *Id.* On this basis, Coloplast seeks dismissal of the plaintiff's case with prejudice.

## II. Discussion

PTOs # 12 and 105 set forth specific requirements for completing and serving the PFS. *See generally* PTO # 12 [ECF No. 40] and PTO # 105 [ECF No. 572], *In re Coloplast Corp., Pelvic Support Sys. Prods. Liab. Litig.*, No. 2:12-md-02387. Exhibit A of PTO # 105 is the proposed PFS agreed to by the parties and approved by this court. Page 1 of the proposed PFS, which is identical to page 1 of the PFS submitted by the plaintiff and attached to Coloplast's Motion to Dismiss, instructs the plaintiff as follows:

> In completing this Fact Sheet, you are under oath and must answer every question and provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can and then state that your answer is incomplete and explain why as appropriate. If you select an

> "I Don't Know" answer, please state all that you do know about that subject.

PTO # 105 Ex. A, at 1; PFS 1 [ECF No. 9]; Def.'s Mot. Ex. A, at 1 [ECF No. 11-1]. PTO # 12 establishes how defendants must proceed when they receive an incomplete PFS within the court-ordered deadline:

> If defendants receive a PFS in the allotted time but the PFS is **not substantially complete**, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PFS, as applicable by e-mail and U.S. mail to the Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. The plaintiff shall have twenty (20) days from receipt of that letter to serve a PFS that is **substantially complete in all respects**. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

PTO # 12, at ¶ 2c (emphases added).

In this case, the plaintiff served her PFS on Coloplast within the May 20 deadline. On May 30, 2017, Coloplast notified plaintiff's counsel via e-mail of the purported deficiencies regarding the PFS. Def.'s Mot. Ex. B [ECF No. 11-2]. Plaintiff's counsel did not respond to Coloplast's deficiency letter. After waiting the prescribed twenty days pursuant to PTO # 12, at ¶ 2c, Coloplast filed this Motion to Dismiss the plaintiff's case with prejudice.

In its May 30 e-mail, Coloplast identified the following purported deficiencies regarding the plaintiff's PFS:

### Section II. Claim Information

- With regard to paragraph 6 b, c and d, please provide a date(s) to indicate when symptoms were

>experienced, attributed, and when health care provider was seen.

Def.'s Mot. Ex. B, at 2. Paragraph 6, question b of the PFS asks, "When is the first time you experienced symptoms of any of the bodily injuries you claim in your lawsuit to have resulted from the pelvic mesh product(s)?" The plaintiff responded, "I don't recall the specific date, but it wasn't long after the surgery that I began having infections." PFS 7 [ECF No. 9]. Paragraph 6, question c asks, "When did you first attribute these bodily injuries to the pelvic mesh product(s)?" The plaintiff responded, "I don't recall the specific date." *Id.* Paragraph 6, question d asks, "To the best of your knowledge and recollection, please state approximately when you first saw a health care provider for each of those bodily injuries you claim to have experienced relating to the pelvic mesh product(s):" The plaintiff responded, "I don't recall the specific date, but it wasn't long after the surgery." *Id.*

These responses, along with an otherwise complete and sufficient PFS, indicate a good-faith attempt by the plaintiff to "answer every question and provide information that is true and correct to the best of [her] knowledge," as instructed on the cover page of the PFS. Although the plaintiff could not recall the exact dates of when she first began experiencing symptoms, first attributed her symptoms to the pelvic mesh product(s), and first saw a health care provider for those symptoms, she stated that she could not recall these dates and provided whatever information she had about the subject—i.e., that all of these events took place shortly after her surgery. Because these three responses were the only purported deficiencies identified by Coloplast, the court finds that the PFS submitted by the plaintiff is

4

"substantially complete in all respects." *See* PTO # 12 at ¶ 2c. The plaintiff was not required to respond to Coloplast's deficiency letter, because presumably her answers to these three questions would have remained the same—"I don't recall." Therefore, the court finds that the plaintiff did not violate a discovery order regarding the sufficiency of her PFS, and dismissal of her case on this ground is unwarranted.

III. Conclusion

It is **ORDERED** that Coloplast's Motion to Dismiss [ECF No. 11] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 26, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE